UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAY 07 2013
CLERK

```
******************************************************
                              *
JOHN ASHLEY DAVIS,            *      CIV 12-4054
                              *
              Petitioner,     *
                              *      MEMORANDUM OPINION
      -vs-                    *      AND ORDER
                              *
JORDAN R. HOLLINGSWORTH,      *
                              *
              Respondent.     *
                              *
******************************************************
```

Petitioner, John Ashley Davis, while an inmate at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the prison authorities wrongfully deemed him ineligible for early release under 18 U.S.C. § 3621(e). For the following reasons, the petition is dismissed.

## DISCUSSION

Petitioner is serving a 110-month sentence for conspiracy to manufacture, dispense, and possess with the intent to distribute 50 grams of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 846. His projected release date is September 21, 2017. The sentencing judge imposed a three-level enhancement under USSG § 2D1.1(b)(10)(C)(ii) because the offense involved the manufacturing of amphetamines or methamphetamines and the offense created a substantial risk of harm to human life or the environment.[1] On May 9, 2011, Drug Abuse Program ("DAP") staff at FPC Yankton found that Petitioner qualified to participate in the Residential Drug Abuse Program ("RDAP"). In June of 2011, legal staff for the Bureau of Prisons determined that Petitioner was not eligible for early release consideration under 18 U.S.C. § 3621(e), due to his sentencing enhancement for creating a substantial risk of harm to human life or the environment.

---

[1] This guideline is currently found at USSG § 2D1.1(b)(13)(C)(ii).

Petitioner claims the Bureau of Prisons improperly denied him eligibility for early release because his current felony conviction for conspiracy to manufacture, dispense, and possess with the intent to distribute methamphetamine is not a "violent" crime. He also argues that the Bureau of Prison's decision to categorically exclude from early release eligibility inmates with enhancements for substantial risk of harm associated with manufacturing amphetamine and methamphetamine is arbitrary and capricious, and an abuse of discretion. Petitioner exhausted his administrative remedies.

### **Eligibility for Sentence Reductions for Successful Completion of RDAP**

Congress has authorized the Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 3621(e)(2)(B), to grant sentence reductions of up to one year for those convicted of a nonviolent offense who have successfully completed the 500-hour RDAP. The statute provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Congress did not define the term "nonviolent offense" in 18 U.S.C. § 3621(e)(2)(B). "Crime of violence" is defined in 18 U.S.C. § 924(c)(3) as an offense that is a felony and -

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In 28 C.F.R. § 550.55(b)(5), the BOP excludes inmates from eligibility for early release under 18 U.S.C. § 3621(e)(2)(B) if the inmate's current felony is:

> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;

2

> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device); or
>
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another;
>
> . . . .

28 C.F.R. § 550.55(b)(5).

In Program Statement 5162.05, *Categorization of Offenses*, section 4.b., the BOP delineates offenses with a specific offense characteristic enhancement that preclude early release, and lists 21 U.S.C. § 841 as an offense which could be subject to a specific offense characteristic enhancement where there is use or threatened use of force. A copy of the Program Statement is attached to the Declaration of Angela Buege, doc. 11, which was filed with the government's response.

Although a violation of 21 U.S.C. § 841 is not a violent offense in all cases, in this case the sentencing court enhanced Petitioner's sentence for creating a substantial risk of harm to human life or the environment. The Eighth Circuit has specifically noted that this sentence enhancement, currently designated at USSG § 2D1.1(b)(13)(C)(ii), is grounded on congressional findings that the chemicals in the methamphetamine manufacturing process can cause explosions and fires if improperly mixed and can lead to toxic and often lethal waste products. *See United States v. Pinnow*, 469 F.3d 1153, 1156 (8th Cir. 2006).[2] The BOP also has determined that manufacturing methamphetamine can pose a danger to people or property, and has decided not to allow early release

---

[2] The Eighth Circuit in *Pinnow* recognized that the § 2D1.1(b)(13)(C)(ii) enhancement does not automatically apply to every offense involving methamphetamine manufacture. *Pinnow*, 469 F.3d at 1156. "[T]he details of the particular offense are important." *Id.* at 1157. Petitioner's presentence investigation report was not filed in this case, so this Court is not aware of the facts surrounding his methamphetamine offense, but Petitioner does not challenge his sentence or the imposition of the § 2D1.1(b)(13)(C)(ii) enhancement, and it would not be appropriate to do so in this petition filed under 28 U.S.C. § 2241, the purpose of which is to attack the execution of a sentence and not its validity.

3

for those prisoners convicted of manufacturing methamphetamine whose sentences are enhanced under USSG § 2D1.1(b)(13)(C)(ii).

The BOP may, but is not required to, reward inmates with early release of up to one year for successful completion of the RDAP. The Eighth Circuit upheld the BOP's categorical exclusion of inmates who received a two-level enhancement for possession of a firearm during the commission of their offense on the theory that such determinations are based on underlying conduct which indicates that the inmates pose a serious risk to public safety. *See Bellis v. Davis*, 186 F.3d 1092 (8th Cir. 1999). The BOP's applicable program statement now gives the Bureau discretion to deny early release to inmates who receive an enhancement for the use or threatened use of force, including inmates who were convicted under 21 U.S.C. § 841. Under the BOP's discretion, Petitioner falls into this category of inmates which the Program Statement purports to make ineligible for early release.

The Supreme Court also has held that the BOP "may categorically exclude prisoners based on their preconviction conduct[.]" *Lopez v. Davis*, 531 U.S. 230, 244 (2001). In *Lopez*, the Supreme Court affirmed the Eighth Circuit's decision in *Bellis* and upheld the categorical exclusion from early release of inmates whose offense is a felony that involved the carrying, possession, or use of a firearm. *See id.* at 238, 244. The Court construed 18 U.S.C. § 3621(e)(2)(B) to mean that the BOP has the authority, but not the duty, to reduce a prisoner's term of imprisonment when he has successfully completed drug treatment. *See id.* at 241. The Court reasoned that, because the statute did not identify the circumstances under which the BOP must grant the reduction, or when the BOP is forbidden from doing so, the BOP need only fill the statutory gap "in a way that is reasonable in light of the legislature's revealed design." *Id.* at 242, quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995), citing, in turn, *Chevron, U.S.A., Inc. v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 842 (1984). The Court concluded that "the statute manifests congressional concern for preconviction behavior," *id.* at 242, and further held that the

BOP may categorically exclude prisoners from early release based upon their preconviction conduct, *id.* at 244.

Here, the BOP has categorically excluded from early release inmates like Petitioner who received a sentence enhancement for creating a substantial risk to property or human life in connection with the commission of a drug offense. As in *Bellis* and *Lopez*, the BOP's policy is not inconsistent with the language of 18 U.S.C. § 3621(e)(2)(B) providing that the BOP may only reduce the sentence of inmates convicted of nonviolent offenses. The BOP's regulation and program statement which preclude Petitioner from early release eligibility based on his sentence enhancement are reasonable interpretations of § 3621(e). *See, e.g., Walther v. Bauknecht*, 2005 WL 3096491 (11th Cir. 2005) (unreported) (BOP properly found defendant ineligible for RDAP custody reduction under weapons or explosives provision of 28 C.F.R. § 550.58(a)(1)(vi) due to his willingness to endanger others by using anhydrous ammonia to make methamphetamine); *Taukeiaho v. Wands*, 2011 WL 6012545 (D. Colo. Nov. 15, 2011) (unreported) (upholding BOP's determination of ineligibility for early release for methamphetamine defendant whose sentence was enhanced for creating a substantial risk of harm to human life). Petitioner's sentence has been executed lawfully, and his § 2241 claim is without merit.

Petitioner argues that, to be a violent offense, an offense must be similar "in kind as well as degree of risk posed," to the offenses listed in 28 C.F.R. § 550.55(b)(4) (homicide, forcible rape, robbery, aggravated assault, arson, kidnaping, and sexual abuse of minors).[3] Petitioner clearly is referring to *Begay v. United States*, 553 U.S. 137 (2008), and its progeny. In *Begay*, the Supreme Court addressed whether a New Mexico felony offense of driving under the influence of alcohol is

---

[3]The BOP listed these more violent crimes that preclude eligibility for early release, but it also categorically denies early release to other groups of inmates, such as: (1) INS detainees; (2) pretrial inmates; (3) contractual boarders (for example, D.C., State, or military inmates); and (4) inmates who previously received an early release under 18 U.S.C. 3621(e). *See* 28 C.F.R. § 550.55(b).

a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e).[4] The Supreme Court noted the Armed Career Criminal Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Begay*, 553 U.S. at 139-140. The Supreme Court found the drunk driving offense did not fall under the second clause, in part because the offense was too dissimilar to the examples listed in § 924(a)(2)(B)(ii) ("burglary, arson, or extortion, involves use of explosives"). *Id.* at 147. The *Begay* Court said it interpreted the listed examples as "limiting the crimes that clause (ii) covers to crimes that are roughly similar, in kind as well as degree of risk posed, to the examples themselves." *Id.* at 143. Later, in *Chambers v. United States*, 555 U.S. 122 (2009), the Supreme Court concluded that the state-law crime of failing to report for confinement is not a violent felony under the Armed Career Criminal Act. *Chambers*, 555 U.S. at 130. The Court noted that this "crime amounts to a form of inaction, a far cry from the purposeful, violent, and aggressive conduct potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence, or engages in certain forms of extortion." *Id.* at 128 (quotations omitted). In 2010, Supreme Court rendered another decision interpreting the term "violent felony" in the Armed Career Criminal Act. *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265, 1269 (2010). There, the Court concluded that a prior conviction for a simple battery under Florida law did not amount to a violent felony under the Act. *Id.*, 130 S.Ct. at 1271, 1274. The Court explained that under Florida's battery statute, a violation can be established by any intentional physical contact, no matter how slight, whereas under the Armed Career Criminal Act, an offense must be a crime that has "as an element the use, attempted use, or threatened use of physical force against a person of another. . . ." *Id.* at 1271.

---

[4]The Armed Career Criminal Act imposes a mandatory minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. *See Shepard v. United States*, 544 U.S. 13, 15 (2005).

6

Relying on its ordinary definition and statutory context, the Court concluded that the phrase "physical force" in the Armed Career Criminal Act, "means violent force—that is force capable of causing physical pain or injury to another person." *Id.* at 1271. Thus, the Court held that the prior battery conviction under Florida law was not a violent felony under the Armed Career Criminal Act because it did not have as an element the use of physical force against another person. *Id.* at 1271, 1274.

Following *Begay, Chambers* and *Johnson*, the Eighth Circuit has had occasion to address whether a conviction falls under the "otherwise" clause of the Armed Career Criminal Act in § 924(e)(2)(B)(ii). Petitioner cites to one of those cases, *United States v. Boyce*, 633 F.3d 708 (8th Cir. 2011). In *Boyce*, the issue was whether the defendant's prior conviction for possession of a weapon in a correctional facility qualified as a violent felony under the Armed Career Criminal Act. The district court held that it did not qualify as a violent felony, but the Eighth Circuit reversed. *See id.* The Eighth Circuit considered the crime to be like those enumerated in the Armed Career Criminal Act because it involved purposeful conduct, *id.* at 711, and because its illegality is premised on the fact that possessing a firearm "enables violence or threats of violence," *id.* at 712.

Petitioner cites *Boyce* to argue that his crime is not similar to the violent crimes listed in 28 C.F.R. § 550.55(b)(4) which present a serious potential risk of physical injury to another. Accordingly, Petitioner asserts that his crime is not violent and should not disqualify him from early release. But *Boyce* is inapposite. The BOP is not bound by cases where courts have interpreted the definition of "violent felony" under the Armed Career Criminal Act, or under any other statute. Congress did not define a "nonviolent offense" in the context of early release under 18 U.S.C. § 3621(e); the BOP was entrusted with defining the term and determining which prisoners are potentially violent and therefore unsuitable for early release. The BOP has determined that society should be afforded protection from inmates whose sentences have been enhanced under USSG § 2D1.1(b)(13)(C)(ii) for creating a substantial risk to property or human life in connection with committing a drug offense. The BOP regulations do not provide that drug offenses themselves are

7

violent crimes, but it treats the drug offenses as violent crimes if the sentencing court increased the base offense level for danger to persons or property. The BOP's judgment is supported by the Eighth Circuit's opinion in *Pinnow*, which acknowledges that manufacturing methamphetamine can be dangerous. Although the Armed Career Criminal Act requires the offense to include overtly violent or aggressive behavior in order for a defendant's sentence to be enhanced, the law does not require the existence of overtly violent or aggressive conduct for the BOP to disqualify an inmate from early release. *See, e.g.*, *Elkins v. Wands*, 2012 WL 2524240 (D.Colo. 2012) (unreported) (upholding BOP's categorical exclusion from early release those inmates who previously received the benefit of early release under 18 U.S.C. § 3621(e) because the BOP determined that it would undermine the seriousness of the inmates' offenses and encourage recidivism). The BOP's determination that creating a substantial risk to life or property when manufacturing methamphetamine is not a "nonviolent offense" is consistent with 18 U.S.C. § 3621(e), even if it does not demonstrate a proclivity for violence in the same way that homicide, forcible rape, robbery or aggravated assault do. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and the action is dismissed with prejudice.

Dated this 7th day of May, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: (signature)
(SEAL)    DEPUTY

8